# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| AARON-HASSAN JOHNSON-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22-cv-00007-SEP |
| | ) |
| WARDEN DAN REDINGTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Petitioner Aaron-Hassan Johnson-Bey's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, Doc. [1], and Motion for Summary Judgment, Doc. [5]. For the reasons set forth below, the Petition is dismissed, and the Motion for Summary Judgment is denied as moot.

### BACKGROUND

Petitioner is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri, serving both state and federal sentences.[1] In his state criminal case, Petitioner pled guilty to First Degree Robbery, Armed Criminal Action, and First-Degree Tampering with a Motor Vehicle. *State of Missouri v. Johnson,* Case No. 09SL-CR10002-01 (21st Jud. Cir. 2009). After he failed to appear for sentencing, a warrant was issued for his arrest. On October 3, 2011, Petitioner was sentenced to a total of 15 years' imprisonment. He unsuccessfully sought post-conviction relief in the Missouri state courts. In his federal criminal case, Petitioner pled guilty to Interference with Interstate Commerce by Threats or Violence, and Brandishing a Firearm in Furtherance of a Crime of Violence. *United States v. Johnson,* No. 4:11-cr-378-CEJ (E.D. Mo. 2011). On June 19, 2012, he was sentenced to 171 months' imprisonment. His sentence was ordered to run consecutively to the state sentence Petitioner was serving in the Missouri Department of Corrections in *State of Missouri v. Johnson*.

---

[1] The Court may take judicial notice of judicial opinions and public records. *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).
1

Petitioner did not appeal his federal sentence or file a motion to vacate, set aside, or correct his sentence.  Petitioner has filed two previous petitions for habeas corpus under § 2241, however, both of which have been dismissed.  First, on December 3, 2020, he initiated an action in this Court by filing a document titled, "Surrender of the Defendant Petition for Agreement and Harmony within the Admiralty in the Nature of a Notice of International Commercial Claim within the Admiralty Administrative Remedy."  *See Johnson-Bey v. Redington*, No. 2:20-CV-74-JMB (E.D. Mo.).  The Court found the filing to be an attempt to bring a petition for writ of habeas corpus, and Petitioner was directed to submit an amended petition on the proper Court-provided form.  *Id.*  On December 14, 2020, Petitioner sent a letter to the Clerk of Court seeking voluntary dismissal of the action.  *Id.*  The request was granted, and the action was dismissed on December 15, 2020, pursuant to Federal Rule of Civil Procedure 41(a)(1).  *Id.*

On October 13, 2021, Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 on a Court-provided form.  *See Johnson-Bey v. Redington*, No. 2:21-CV-66-SRC (E.D. Mo.).  Petitioner asserted that he was entitled to release from confinement because he was a lawful and natural man who was being held in dishonor as the "bail and surety."  *Id.*  Petitioner sought to "accept the charges, settle and close the account in Honor and with clean hands."  *Id.*  On October 28, 2021, the Court summarily dismissed the petition because it stated no basis for habeas relief under § 2241.  *Id.*  The Court described his arguments as those typically used by self-proclaimed sovereign citizens, which have been rejected by the Eighth Circuit.  *Id.*

## THE PETITION

On February 8, 2022, Petitioner filed the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 on a Court-provided form with an attachment titled, "Supporting Facts."  Doc. [1].  Petitioner also submitted a supplement titled, "Truth Affidavit in the Nature of a Memorandum."  Doc. [2].  In those documents, Petitioner describes himself as an "Egyptian Moroccan Blood and Spirit," and provides a narrative discussion of indigenous people, moors, and the Qur'an.  Docs. [1-1], [2].

Petitioner asserts he "is using the Habeas Corpus as a means to get back in law with the Nations and Families of the World, and to establish himself as a square and pure Free Man[.]"  Doc. [1-1].  He appears to argue that the Constitution of the United States, the Declaration of Independence, the "Articles of Association," and the "Articles of Confederation and Perpetual

2

Union" support his request to be immediately released and brought to "the requisite venue to officially accede and become a member of the free persons." Doc. [1] at 6-7. In his "Affidavit of Truth," he asserts that it would be "very just and lawful for the United States of America to redeem [him] of all the debts contracted by and incurred while in a 'Black' state of being politically, socially and economically and thus a Hell state of Mind spiritually." Doc. [2] at 6.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the petitioner is not entitled to relief. Rule 4 applies to habeas petitions arising under 28 U.S.C. § 2241 as well. *See* Rule 1(b), Rules Governing § 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."). In this case, it plainly appears that Petitioner is not entitled to relief on his § 2241 Petition, as his arguments have no basis in law or fact.

In general, a petition for writ of habeas corpus pursuant to § 2241 is a "valid means of court review only limited situations, [including] . . . actions challenging the administration of parole; computation of good time or jail time credits; prison disciplinary actions; or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 1577673, at *3 (D.S.C. May 31, 2007) (citations omitted). Petitioner seeks his release from confinement but does not contest the manner in which his sentence is being executed by prison authorities. Instead, he asserts that he "is using the Habeas Corpus as a means to get back in law with the Nations and Families of the World, and to establish himself as a square and pure Free Man[.]" This is not a type of challenge that is appropriate under § 2241. Therefore, it plainly appears that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241.

Moreover, Petitioner's arguments for release are similar to those raised by sovereign citizens and others who claim they are not subject to government laws or proceedings. That legal theory is meritless. The United States does not recognize the Moorish Nation or any other Indigenous Nation as a sovereign state. *See Benton-El v. Odom*, 2007 WL 1812615, at *6 (M.D. Ga. June 19, 2007); *Khattab El v. United States Justice Dept.*, 1988 WL 5117, at *2 (E.D. Pa. Jan. 22, 1988). And Petitioner cannot unilaterally bestow immunity upon himself. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984) ("[N]either [the petitioner] nor anyone else is

3

able to unilaterally assert . . . immunity.  Such status only exists when there is recognition of another state's sovereignty by the Department of State.").  Even those who voluntarily relinquish their citizenship are subject to, and must obey, federal, state, and local laws.  *See Khattab El*, 1988 WL 5117, at *2; *see also United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *Fullilove v. Glass*, 2017 WL 1549776, at *2 (E.D. Mo. Apr. 28, 2017) (citing *Hart*, 710 F.2d at 750) (petitioner's argument that he is "flesh and blood man" and a sovereign citizen "has absolutely no merit and is patently frivolous").

Petitioner's arguments have no basis in law or fact; therefore, his Petition must be dismissed.  In addition, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 483-85 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED**, and this case is **DISMISSED**.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment (Doc. [5]) will be **DENIED as moot**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

Dated this 23rd day of August, 2022.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE